# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

M.E. FINAN,                )
                            )
        Plaintiff,        )
                            )
     v.                 )          No. 4:07CV2011 CDP
                            )
OKSANA VOLSHTEYN,    )
                            )
        Defendant.    )

## MEMORANDUM AND ORDER

This matter is before the Court upon the motion of plaintiff for leave to commence this action without prepayment of the filing fee pursuant to 28 U.S.C. § 1915. Upon consideration of the financial information provided with the motion, the Court finds that plaintiff is financially unable to pay any portion of the filing fee. As a result, plaintiff will be granted leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. Additionally, the Court has reviewed the complaint and will dismiss it pursuant to 28 U.S.C. § 1915(e)(2)(B).

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis in either

law or in fact." Neitzke v. Williams, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief can be granted if does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1974 (2007).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. Denton v. Hernandez, 504 U.S. 25, 32-33 (1992); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

## The Complaint

Thomas Finan, acting pro se, brings this action on behalf of Margaret (Peggy) Finan, his wife,[1] seeking monetary relief for purported medical malpractice.[2] Named

---

[1]The Court questions whether Mr. Finan may bring this action pro se on behalf of his wife. See 28 U.S.C. § 1654; C.E. Pope Equity Trust v. United States, 818 F.2d 696, 697 (9th Cir. 1987) (although non-attorney may appear pro se on his own behalf, privilege is personal to him; non-attorney has no authority to appear on behalf of others); Lewis v. Lenc-Smith Mfg. Co., 784 F.2d 829, 830 (7th Cir. 1986) (person not licensed to practice law may not represent another individual in federal court).

[2]Plaintiff requests "punitive monetary action" against defendant to "correct - the exposed baclofen management refill (negligence) practices of Dr. Volshteyn - Washington University - to accommodate within a timely manner disabled and non-disabled patients - current/future" because "death can potentially result in medication refill neglect."

as the defendant is Oksana Volshteyn, a physician at Washington University School of Medicine. Plaintiff asserts that Ms. Finan suffers from a neurological disability for which she receives treatment through a baclofen pump, a system that delivers medication directly into a patient's spinal fluid. Plaintiff claims that as a result of defendant Volshteyn's "negligence" and failure to "follow-up on medication refills," Ms. Finan's pump ran out of medication in late February/early March 2007, thereby increasing her spasticity. Plaintiff claims that defendant Volshteyn's "negligence/deficiencies in program management practices" led to Ms. Finan's alleged injuries. Plaintiff additionally claims that "Dr. Volshteyn engages in multiple practices of disability based discrimination for an extended period of time in 2007," although he has not provided any specific allegations regarding the purported discrimination.

## Discussion

At the outset, the Court notes that plaintiff puts forth two jurisdictional grounds/reasons for filing this action in federal court. He asserts that Ms. Finan's claims against defendant Volshteyn arise under the Employee Retirement Income

Security Act ("ERISA"), 29 U.S.C. §§ 1001-1461, and presumably, Title III of the

Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 et seq.[3]

Having carefully reviewed the complaint, the Court concludes that this action

should be dismissed for lack of subject matter jurisdiction. The Court is satisfied that

the claims in this case are not properly characterized as claims for benefits under

ERISA, as he has not alleged that the benefits which he seeks on behalf of his wife

were not actually covered under their benefit plan. Rather, plaintiff's claim is that

defendant Volshteyn failed to adequately monitor and/or provide the benefits because

he didn't feel it was necessary to do so. These claims sound in medical malpractice.

See, e.g., Pacificare of Okla., Inc. v. Burrage, 59 F.3d 151, 154-55 (10th Cir. 1995)

(a medical malpractice claim is not preempted by ERISA when the issue of a doctor's

negligence requires the assessment of providing admittedly covered treatment or

giving professional advice).

---

[3]Although plaintiff does not specifically cite to the ADA, he states that he has filed this case in federal court because of "discriminatory conduct directed against a qualified individual ...requiring medical treatments/accommodations in a timely manner citing neurological disability as a reason to deny further medication treatments after negligence was exposed-extended." The Court presumes that plaintiff is asserting claims under Title III of the ADA, which prohibits discrimination in public accommodations and services operated by private entities. 42 U.S.C. § 12188.

Nor does plaintiff's fact statement describe disability discrimination under the ADA or request relief available to plaintiff under that statute. See 42 U.S.C. § 12188(a)(1) (noting that the remedies available under Title III are those that are available under 42 U.S.C. § 2000a-3(a), which notes that damages are unavailable to private plaintiffs); Cole v. National Collegiate Athletic Ass'n, 120 F.Supp.2d 1060, 1067 (N.D. Ga. 2000) (money damages are not available under public accommodations provisions of the ADA); Spychalsky v. Sullivan, 2003 WL 22071602 (E.D. N.Y. 2003) (damages not available to a private plaintiff under Title III of the ADA). Even assuming plaintiff had prayed for injunctive relief and adequately pleaded a claim for disability discrimination, his complaint would still be subject to dismissal. Plaintiff's description of defendant's conduct as "negligent," belies any claim for disability discrimination.

Given the aforementioned, federal question jurisdiction pursuant to 28 U.S.C. § 1331 is inapplicable. Moreover, plaintiff has not pleaded the requisite elements to establish diversity jurisdiction, pursuant to 28 U.S.C. § 1332. As such, the matter must be dismissed for lack of subject matter jurisdiction.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. #2] is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff Thomas Finan's motion for appointment of next friend as to Margaret (Peggy) Finan [Doc. #4] is **GRANTED**.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint because the Court lacks jurisdiction over this action. <u>See</u> 28 U.S.C. § 1915(e)(2)(B); Federal Rule of Civil Procedure 12(h)(3).

An appropriate order of dismissal shall accompany this Memorandum and Order.

Dated this 10th day of March, 2008.

CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE